### SAN BENITO BANK & TRUST CO. v. SPARROW. (No. 7652.) *

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1926. Rehearing Denied Jan. 12, 1927.)

1. Banks and banking ⟝169—Bank not explaining appropriation of money collected on notes, held liable for full amount due.

Bank, offering no explanation of its unlawful appropriation of money collected on notes after owner countermanded instructions to de-

liver them to named person on payment of stated sum, and requested their return, *held* liable for full amount due thereon with interest from date of conversion.

2. Banks and banking ⟝175(3)—It will not be presumed that bank, not explaining when and how much it collected on notes, did not collect and convert sums indicated therein.

No presumption may be indulged that bank, not explaining when and how much money it collected on notes, which it failed to return to owner as requested, did not collect and convert sums indicated therein.

3. Banks and banking ⟝175(3)—Burden was on bank to prove that it delivered notes to person designated by owner before he directed their return.

Burden was on bank, sued for amount of notes, which it collected and converted to its own use after owner countermanded instructions to deliver them to named person on payment of stated sum, to prove that it turned them over to such person before it was directed to return them.

### On Motion for Rehearing.

4. Banks and banking ⟝175(3) — Proof of sending notes to bank for collection, and subsequent instruction and refusal to return them, made prima facie case of conversion.

Plaintiff, proving that he sent notes to defendant bank with instructions to deliver them to named person on payment of stated sum, but afterwards instructed it to return them, and that it failed and refused to do so, and converted them to its own use, made out a prima facie case, casting burden on bank to show any defense it had.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by W. M. Sparrow against the San Benito Bank & Trust Company. Judgment for plaintiff, and defendant appeals. Reformed, and affirmed as reformed.

Spears & Montgomery, of San Benito, for appellant.

Wells & Richards, of Brownsville, for appellee.

FLY, C. J. Appellee sued appellant to recover the amount of four certain notes placed in its hands for collection and collected by it, and converted to its own use. Appellant filed a general demurrer and general denial. The court rendered judgment in favor of appellee for $3,275.78.

[1-3] The facts are that appellee was the owner of four notes, executed by Simon Johnson to James-Dickinson Farm Mortgage Company. The notes were forwarded, on July 3, 1923, to appellant, with instructions to deliver them to one Roy Ruff upon payment of $1,000. On October 2, 1923, appellee wrote appellant to return the notes, but received no reply, and ascertained from his

attorney that appellant had collected the money and placed it to the credit of Fred S. Harris on notes given by him, and gave appellee's notes to Ruff. The evidence tends to show that the money was appropriated after the return of the notes was requested. Appellee was not liable or bound on any notes executed by Fred S. Harris, and knew nothing about them.

The petition was sufficient to repel attack through a general demurrer, and there was no material variance between its allegations and the proof. No matter what sum appellee had instructed appellant to accept on the notes, he countermanded the instructions, and appellant by neither allegation nor proof claimed that he had accepted the sum and turned over the notes to Ruff. Appellant was silent, and did not offer an explanation of its unlawful appropriation of appellee's money.

Appellant alone knew when and how much money it collected on the notes, and yet would not reveal those facts. It should be made to pay the full amount of the notes, which it brazenly sought to, and did, appropriate. It alone could explain about the notes. It did not explain, and no presumption will be indulged that it did not collect and convert the sums indicated in the notes. The appellant does not claim by pleading or proof that it had turned over the notes to Ruff before it was directed to return the notes, but seeks to throw that burden on appellee. It should have spoken, and, not having done so, should be made to pay appellee the full amount due on the notes.

There was a general charge of excess in the judgment, made in the motion for new trial, but no particulars were given as to the items of excess. The judgment, however, will be reformed and rendered in favor of appellee for $3,033.31, the amount of principal and interest to October 7, 1923, the approximate time at which the conversion took place, together with interest at 6 per cent. thereon until February 8, 1926, and 6 per cent. on the amount of judgment until paid from said date. All costs will be rendered against appellant.

Reformed and affirmed.

### On Motion for Rehearing.

[4] Appellee alleged and proved without contradiction that he sent the notes to appellant for collection, agreeing to take $1,000 in full payment of the same, but afterwards instructed appellant to return the same. Appellant failed and refused to return the same, and made no defense, except a general denial. Appellee proved every allegation in the petition, and appellant introduced no testimony. Appellee, when he proved that he sent the notes to appellant, and then instructed it to return the notes, which it failed and refused to do, and converted them to its own

use, made out a prima facie case, and the burden devolved on appellant to show any defense it had. Appellee was not burdened with proving appellant's defense.

The motion is overruled.